| 69 | 551 |
|----|-----|
| a70 | 829 |

### J. WALTER HARDCASTLE v. STILES & McCLAY.

Argued February 17, 1903—Decided June 8, 1903.

1. Unless a mortgagee of chattels takes immediate possession of the chattels, or records his mortgage immediately, his mortgage will be postponed to the claims of creditors. Immediate possession or recording means with reasonable dispatch.
2. Whether the mortgage is recorded with reasonable dispatch is a question of fact under the circumstances of the case, and the finding in the court below will not be reviewed in this court where it has evidence to support it.

On appeal from District Court.

Before Justices VAN SYCKEL and GARRETSON.

For the plaintiff, *Francis Laverty* and *William M. Clevenger*.

For the defendants, *Eli H. Chandler.*

The opinion of the court was delivered by

VAN SYCKEL, J. This is an action of tort brought in the District Court of Atlantic City by Hardcastle to recover the value of certain goods levied upon by the plaintiff by virtue of an execution in his hands against Sheppard & Hackney.

Stiles & McClay held a chattel mortgage on the goods, given to them by Sheppard & Hackney on the 1st day of June, 1901.

The mortgage was recorded June 6th, 1901, but the goods remained in the possession of the mortgagors. The debt upon which the judgment was rendered and the execution issued was contracted before the chattel mortgage was given, but the judgment was rendered after the mortgage was recorded.

The fourth section of the Chattel Mortgage act (*Gen. Stat.,* p. 2113) provides that unless the mortgagee takes possession of the chattels or records his mortgage immediately, his mortgage is postponed to all creditors, whether they become such before or after the mortgage is recorded or possession taken, and that immediate possession or immediate recording means as soon as may be by reasonable diligence and dispatch under the circumstances of the case. *Roe v. Meding,* 8 *Dick. Ch. Rep.* 350.

The date of the mortgage being June 1st, 1901, and no evidence having been offered to show when it was delivered, it will be presumed to have been delivered on the day of its date. The time when the affidavit to the mortgage required by statute was taken cannot affect the question whether it was recorded with reasonable dispatch, otherwise the mortgagee might withhold it indefinitely from record without subjecting his claim to be superseded.

The trial court found that the mortgage was not recorded

with reasonable dispatch under the circumstances of the case. The finding of facts in the court below will not be reviewed here.

No explanation appears in the case why the mortgagee withheld the mortgage from record for five days, nor does it appear how far the mortgagees were from the recording office when the mortgage was delivered, nor what time was necessary to reach the recording office.

Under the facts which appear, the finding of the trial court cannot be held to be erroneous. Section 205 of the act of 1898 (*Pamph. L., p.* 630) provides that the determination of the judge of the District Court shall be final and conclusive between parties upon questions of fact.

The act of 1902 (*Pamph. L., p.* 565), under which this appeal was taken, provides that the Supreme Court may either order a new trial or may order judgment to be entered for either party.

The District Court gave judgment for the plaintiff for the sum of $276.45, and $20.77 of costs, December 11th, 1902.

Judgment should be entered in this court for the same amounts, with interest from December 11th, 1902, beside costs of suit in this court.